Evan L. Frank, Esq.
PA Bar 311994
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Mariangela Stibi, | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| | : Jury Trial Demanded |
| Bucks County Department of Corrections, | : |
| and | : |
| County of Bucks, | : |
| Defendants. | : |

**COMPLAINT**

**Summary**

1.  This is an FMLA case.  The Plaintiff was hired on December 9, 2019, and placed on a one-year probationary period.  On December 4, 2020, with five days remaining in the probationary period, the Defendants extended the probationary period by three months.  The Plaintiff's FMLA leave for radiation therapy began a week later, on December 11, 2020.  The Plaintiff had spoken with the Defendants about the paperwork she needed to obtain medical leave about a week earlier, at the end of November of 2020.  Five weeks after she returned from leave, the Defendants fired her, allegedly for poor performance during the extension of the probationary period.

2.      During the FMLA leave, the Defendants gave the Plaintiff two unexcused absences for two days on which the Plaintiff had pre-approved time off to receive radiation therapy. Subsequently, but still before the Defendants approved her FMLA certification, the Plaintiff's supervisor warned her that she was not permitted to take leave until her paperwork was approved, or she would be penalized with unexcused absences, which would have a particularly detrimental effect on her employment, given that the Defendants had just extended her probation. As a result, the Plaintiff worked for two additional days during her leave, against her doctor's instructions.

3.      The Plaintiff had first informed the Defendants of her cancer diagnosis and her need to take leave in October of 2020.  The Defendants ignored her initial questions about how to obtain medical leave and her follow-up questions throughout October and November until the conversation at the end of November.  Despite learning of the Plaintiff's condition and need for medical leave in October, the Defendants did not ask for an FMLA certification until after the Plaintiff's leave had already started in December.

4.      The Defendants' adverse employment actions were motivated by the Plaintiff's request for FMLA leave and by her actually taking FMLA leave.  This is evidenced by the short time between the Plaintiff's protected activities and the Defendants' actions.  Her supervisor's instructions not to take leave until her FMLA certification was approved, occurred during her FMLA leave. The Plaintiff's two unexcused absences for days on which she had scheduled time off for radiation therapy, also occurred during her FMLA leave.  The extension of the Plaintiff's probation occurred a week before her FMLA began and a week after her conversation with the Defendants about what paperwork she had to submit to obtain FMLA leave.  Her termination occurred five weeks after she returned.  The Defendants justified the termination by using the

extended probationary period, which itself was instituted right after the parties discussed FMLA paperwork and right before the FMLA leave began.  The Defendants' motivation is also evidenced by the Defendants' hostility towards the Plaintiff during her leave – namely, giving her unexcused absences during FMLA for pre-approved time off and instructing her to come into work against her doctor's instructions during her FMLA leave.

### Parties

5. The Plaintiff is an adult individual residing in Pennsylvania.

6. Defendant Bucks Department of Corrections is a department within the executive branch of the Bucks County government.  Bucks County Department of Corrections operates Bucks County Correctional Facility.

7. Defendant County of Bucks is a county in the Commonwealth of Pennsylvania.

### Jurisdiction and Venue

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts claims for FMLA interference, discrimination, and retaliation.

9. Venue is proper under 28 U.S.C.§ 1391(b)(1) because all Defendants reside in this District.  Venue is also proper under 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

### Facts

10. The Plaintiff was hired by the Defendants on December 9, 2019 as a correctional officer at Bucks County Correctional Facility.

11. The Plaintiff was placed on a one-year new-hire probationary period.

12. On October 5, 2020, the Plaintiff was diagnosed with cancer.

13. The same day the Plaintiff received her diagnosis, the Plaintiff texted her supervisor to inform him of her diagnosis.

14. On October 6, 2020, the day after the Plaintiff received her diagnosis, the Plaintiff e-mailed her supervisor's supervisor to tell him that she would need to take leave to obtain treatment for her condition. The Plaintiff asked how to go about obtaining medical leave.

15. The supervisor's supervisor did not respond to the Plaintiff's e-mail about her condition, her need to take leave, or her question about how to obtain leave.

16. The Plaintiff followed up with different representatives of the Defendants throughout October and November of 2020, asking how to go about obtaining FMLA leave. The Plaintiff sent three e-mails in that period to different HR representatives, explaining that she would need to take FMLA leave and asking how to go about doing so. Each time, the Defendants ignored her questions and failed to provide her with information about FMLA leave, her eligibility, or how to go about obtaining FMLA leave.

17. In late November of 2020, the Plaintiff spoke with an HR representative about her need to take leave. The Plaintiff explained that she would have to go on medical leave in December to receive radiation therapy.

18. The representative requested medical documentation by December 8, 2020, evidencing the Plaintiff's condition, so that the Defendants could determine whether the Plaintiff would be eligible for FMLA leave. The Plaintiff provided the requested documentation.

19. The Plaintiff was due to become eligible for FMLA leave on December 9, 2020, one year after the Plaintiff began her employment.

20. On December 4, 2020 the Defendants extended the Plaintiff's probationary period by three months. However, the Defendants did not inform the Plaintiff until the following day, December 5, 2020.

21. The Defendants' stated reason for extending the probationary period was excessive absences. In fact, the Plaintiff had not been reprimanded or written up for absences before the Defendants extended the probationary period.

22. The Plaintiff became eligible for FMLA leave on December 9, 2020, one year after she began her employment.

23. The Plaintiff went on intermittent FMLA leave from December 11 through December 17, 2020.

24. The Plaintiff went on full-time FMLA leave from December 18 through January 14, 2021.

25. On December 14, 2020, the Defendants requested an FMLA certification from the Plaintiff's healthcare provider by December 31, 2020.

26. The Plaintiff's doctor faxed the certification to the Defendants on December 18, 2020.

27. The Plaintiff was penalized with two unexcused absences on December 16 and 17 during the beginning of the intermittent leave period, even though those days had been scheduled off so that the Plaintiff could receive radiation treatment. As a result, on December 18, 2020, the Plaintiff's supervisor informed her that she could not take leave until after her FMLA paperwork was approved, or she would be penalized with unexcused absences, which would have a detrimental effect on her employment, given that the Defendants had just extended her probation.

28. Based on those instructions, the Plaintiff worked on December 19 and 20, 2020, against her doctor's instructions, and during her scheduled period of continuous FMLA leave.

29. On December 28, 2020, the Defendants approved the Plaintiff's FMLA leave (in part retroactively). The Defendants approved the intermittent leave December 11 – 17, 2020 and the continuous leave December 11, 2020 through January 14, 2021.

30. The Plaintiff returned to work following her continuous FMLA leave.

31. The Plaintiff was not reprimanded, written up, or otherwise disciplined during the extended probationary period, other than for the two unexcused absences during the FMLA leave.

32. The Plaintiff was terminated on February 22, 2021. The only reason given by the Defendants was: "The separation is due to unsatisfactory performance during your probationary period."

33. The Defendants' violations included ignoring the Plaintiffs' questions about FMLA leave, placing the Plaintiff on extended probation, waiting to ask for an FMLA certification until after the leave started despite having months' notice, penalizing the Plaintiff with unexcused absences during her FMLA leave, instructing the Plaintiff that she was not allowed to take leave until her paperwork was approved, and terminating the Plaintiff.

34. The Defendants' actions were motivated by the Plaintiffs' requests to take FMLA leave and were designed to dissuade the Plaintiff from taking leave.

35. As a result of the Defendants' conduct, the Plaintiff suffered damages.

## Count I
## FMLA Interference

36. The Plaintiff incorporates by reference the foregoing paragraphs.

37. The Defendants are employers covered by FMLA because they are a county government and a department of the county government.

38. The Plaintiff is a covered employee because she was employed for the preceding twelve months with over 1,250 hours of service before the FMLA leave began.

39. The Plaintiff was diagnosed with cancer.

40. The Plaintiff's condition qualifies as a serious health condition under the statute.

41. The Plaintiff gave notice to her employer of her need for leave to obtain treatment months in advance of her actually taking leave.

43. The Defendants interfered with the Plaintiff's right to leave.

44. The Defendants' interference included extending the Plaintiff's probation just before the Plaintiff's leave began, ignoring the Plaintiff's questions about FMLA leave, waiting to ask for a certification until after the leave started despite having months' notice, penalizing the Plaintiff with unexcused absences during her FMLA leave, instructing the Plaintiff that she was not allowed to take leave until after her FMLA certification was approved, discouraging the Plaintiff from taking leave, and terminating the Plaintiff's employment.

45. As a result of the Defendants' conduct, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgment in her favor for damages, lost wages and benefits, back pay, front pay, liquidated damages, costs, interest, and attorney's fees.

### Count II
### FMLA Retaliation

46. The Plaintiff incorporates by reference the foregoing paragraphs.

47. The Defendants are employers covered by FMLA because they are a county government and a department of the county government.

48. The Plaintiff is a covered employee because she was employed for the preceding twelve months with over 1,250 hours of service before the FMLA leave began.

49. The Plaintiff was diagnosed with cancer.

50. The Plaintiff's condition qualifies as a serious health condition under the statute.

51. The Plaintiff gave notice to her employer of her need for leave to obtain treatment months in advance of her actually taking leave.

52. The Plaintiff in fact took FMLA leave.

53. The Defendants' retaliated against the Plaintiff both for requesting FMLA leave and for actually taking FMLA leave.

54. The Defendants retaliated against the Plaintiff by extending the Plaintiff's new-hire probation just before the Plaintiff's leave began, ignoring the Plaintiff's questions about FMLA leave, waiting to ask for a certification until after the leave started despite having months' notice, providing the Plaintiff with the false information that she was not allowed to take leave until after her paperwork was approved, discouraging the Plaintiff from taking leave, and terminating the Plaintiff's employment.

55. Despite the reasons given by the Defendants, they took their actions against the Plaintiff in retaliation for her protected activity under FMLA.

56. As a result of the Defendants' conduct, the Plaintiff suffered damages.  WHEREFORE, the Plaintiff demands judgment in her favor for damages, lost wages and benefits, back pay, front pay, liquidated damages, costs, interest, and attorney's fees.

### Count III
### FMLA Discrimination

57. The Plaintiff incorporates by reference the foregoing paragraphs.

58. The Defendants are employers covered by FMLA because they are a county government and a department of the county government.

59. The Plaintiff is a covered employee because she was employed for the preceding twelve months with over 1,250 hours of service before the FMLA leave began.

60. The Plaintiff was diagnosed with cancer.

61. The Plaintiff's condition qualifies as a serious health condition under the statute.

62. The Plaintiff gave notice to her employer of her need for leave to obtain treatment months in advance of her actually taking leave.

63. The Defendants discriminated against the Plaintiff by extending the Plaintiff's probation just before the Plaintiff's leave began, ignoring the Plaintiff's questions about FMLA leave, waiting to ask for a certification until after the leave started despite having months' notice, instructing the Plaintiff that she was not allowed to take leave until after her FMLA paperwork was approved, giving the Plaintiff unexcused absences during her FMLA leave, discouraging the Plaintiff from taking leave, and terminating the Plaintiff's employment.

64. Despite the reasons given by the Defendants, their actions were motivated by the Plaintiff's taking FMLA leave.

65. As a result of the Defendants' conduct, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgment in her favor for damages, lost wages and benefits, back pay, front pay, liquidated damages, costs, interest, and attorney's fees.

Respectfully submitted,

  /s/ Evan L. Frank  
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

June 22, 2021

## JURY DEMAND

The Plaintiff demands a trial by jury for all counts.

Respectfully submitted,

/s/ Evan L. Frank
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

June 22, 2021