**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIANGELA STIBI | CIVIL ACTION |
| Plaintiff, | Docket No. 2:21-cv-02766 |
| v. | |
| BUCKS COUNTY DEPARTMENT OF CORRECTIONS, et al. | |
| Defendants. | |

<u>**DEFENDANTS' PRETRIAL MEMORANDUM**</u>

Defendants, Bucks County Department of Corrections and County of Bucks (collectively "Bucks County" and/or "Defendants"), by and through the undersigned counsel, in compliance with the Court's March 8, 2023, Scheduling Order (ECF 43), hereby files the below Pretrial Memorandum:

**I.    INTRODUCTION**

Plaintiff brings this employment discrimination action against her former employer, Bucks County and the Bucks County Correctional Facility, for alleged violations of the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). Plaintiff was hired as a probationary employee for a term of one year. During Plaintiff's year of probation, the world experienced a global pandemic - Covid-19 and approximately two months before her one-year anniversary, Plaintiff was diagnosed with non-Hodgkin's lymphoma. Prior to Plaintiff's diagnosis, her attendance record was less than stellar for a full-time employee and worse for a probationary employee. Nonetheless, at the time of Plaintiff's diagnosis she was ineligible for leave under the FMLA. Bucks County's Human Resources Department offered Plaintiff leave as an accommodation under the ADA, but Plaintiff declined, stating that she wished to "hold off" on

1

treatment until she was eligible for FMLA. Notably, Plaintiff only becomes eligible for FMLA leave if she successfully completes the one-year probationary period.

Almost simultaneously as Plaintiff learns she is diagnosed with cancer; her probationary period is ending and therefore, requires the Department to evaluate her and her performance during the probationary period. According to Plaintiff, the only option Defendants have once she notifies them of her diagnosis is to hire her because any other action is allegedly adverse.

Nonetheless, Plaintiff's work performance as a Cook in the Correctional Facility was evaluated by the Corrections management team. It was determined that her performance and attendance, excluding absences related to her treatments, was less than satisfactory and that additional time as a probationary employee would be beneficial to both parties. First, it would allow Ms. Stibi to take the protected leave she needed to attend to her treatments and remain employed with health benefits under the County's plan.  In addition, it would allow the County to further evaluate Ms. Stibi to determine if her attendance issues contributed to the performance issues or if the issues were truly performance based regardless of  attendance. Following Ms. Stibi's FMLA leave and return to full duty with no restrictions or modifications requested by Ms. Stibi or her physicians, the County quickly realized that Ms. Stibi's unsatisfactory attendance did not contribute to Ms. Stibi's poor work performance.  In fact, prior to the conclusion of Plaintiff's probationary extension, her work performance continued to struggle and ultimately the County chose not to offer Plaintiff a full-time position and separated Ms. Stibi from employment.

The County disputes all allegations offered by Plaintiff and maintains that her probation extension and subsequent separation were lawful and necessary.  Moreover, the County maintains that it abided by all relevant laws, and afforded her uninterrupted leave, permitting her to enjoy leave while preserving her job.  However, Plaintiff's extended probationary period proved to

4868-6105-6916 v1

highlight the ongoing issues with the quality of Plaintiff's work ultimately necessitating her termination.

## II.    WITNESS LIST

### 1.   David Kratz

Deputy Director Kratz will provide testimony about the functioning and operations of the Bucks County Correctional Facility generally and specific to the covid-19 pandemic, including departmental policies and procedures, both generally and specific to probationary employees. Deputy Kratz will testify to the decision-making process leading to Plaintiff's probationary period extension and subsequent termination.

### 2.   Lieutenant Daniel Mazzocchi

Lieutenant Mazzocchi will provide testimony about the functioning and operations of the Bucks County Correctional Facility generally and specific to the covid-19 pandemic, including departmental policies and procedures, both generally and specific to probationary employees. Lt. Mazzocchi will testify to the decision-making process leading to Plaintiff's probationary period extension and subsequent termination.

### 3.   Sergeant William Crouthamel

Sergeant Crouthamel will testify to his direct supervision of Plaintiff; Plaintiff's workplace responsibilities; Plaintiff's performance; Plaintiff's probationary period; Plaintiff's leave; and Plaintiff's return to her probationary position following the conclusion of her FMLA leave.

### 4.   James Coyne

Associate Director Coyne will provide testimony about the functioning and operations of the Bucks County Correctional Facility generally and specific to the Covid-19 pandemic, including departmental policies and procedures, both generally and specific to probationary employees.

Associate Director Coyne will further testify to the decision-making process leading to Plaintiff's probationary period extension and subsequent termination.

### 5. Lauren Smith

Chief HR Officer Ms. Smith will testify generally regarding the County's policies and procedures and both generally and specific to employee leave requests under the Family and Medical Leave Act and employee requests for a reasonable accommodation under the Americans with Disabilities Act. In addition, Ms. Smith will testify specifically to the County's antidiscrimination policies, anti-retaliation policies, and complaint procedures in place to prevent discrimination and retaliation.

### 6. Dana Praul

Senior Human Resources Generalist Ms. Praul will testify generally regarding the County's policies and procedures and both generally and specific to employee leave requests under the Family and Medical Leave Act and employee requests for a reasonable accommodation under the Americans with Disabilities Act. In addition, Ms. Praul will testify specifically to her interactions with Ms. Stibi surrounding her requests for leave under the FMLA.

### 7. Plaintiff, Mariangela Stibi

Plaintiff will testify specifically to her claims.

## III. EXPERT WITNESSES

None.

## IV. DESIGNATION OF VIDEOTAPED TRIAL AND DEPOSITION TESTIMONY

None.

## V. MONETARY DAMAGES

Bucks County maintains that Plaintiff suffered no monetary damages, and to the extent that she did, she has failed to mitigate those alleged damages.

4868-6105-6916 v1

## VI.     STIPULATIONS

Defendants' proposed Stipulations and Plaintiff objections to same are attached hereto as Exhibit <u>A</u>.

## VII.     OBJECTIONS TO EVIDENCE

Defendants' objections to Plaintiff's proposed trial exhibits are attached hereto as Exhibit <u>B</u>.

## VIII.     OBJECTIONS TO DEPOSITION TESTIMONY

The Parties have not agreed to read the deposition testimony of any witness. Plaintiff has not offered any deposition testimony.

## IX.     JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of the labor shortages across prison systems nationally from 2019 to current.

## X.     ANTICIPATED LEGAL ISSUES

### 1.   Identification of Defendants

Plaintiff has filed this lawsuit against the Bucks County Department of Corrections and the County of Bucks. As raised in the Answer to the Complaint, the Bucks County Department of Corrections should be dismissed as a named defendant because it is not a legal entity that is separate and apart from the County of Bucks. Third Circuit district courts have routinely held that county offices are not legally distinct entities and therefore it is inappropriate for them to be named as separate defendants. *See Patterson v. Armstrong Cty. Children and Youth Servs.*, 141 F. Supp.2d 512, 542 (W.D. Pa. 2001) ("The Court agrees with CYS that it is merely a sub-unit of the responsible municipality, the County, which is a party to this suit, and that it therefore should be dismissed from this civil rights action…"); s*ee also Harris ex rel. Litz v. Lehigh Cty. Office of Children and Youth Servs.*, 418 F.Supp.2d 643, 646, n. 1 (E.D. Pa. 2005) ("In its motion to dismiss,

4868-6105-6916 v1

Lehigh County correctly points out that OCYS is not a legal entity separate and apart from Lehigh County, is not a political entity, and is simply a department of Lehigh County. OCYS shall be dismissed as a separate defendant, and any action alleged to have been taken by OCYS shall be imputed to Lehigh County.").

In accordance with the above caselaw and for ease of reference, Defendants request that Bucks County Department of Corrections be dismissed as a named defendant and that the matter proceed to trial before the jury as "Mariangela Stibi v. County of Bucks."

### 2. FMLA Discrimination Claim Should Be Dismissed

Plaintiff's Amended Complaint raises two separate causes of action in counts II and III for FMLA Retaliation and Discrimination. Defendants submit that there are only two cognizable claims to redress alleged FMLA violations: interference and retaliation. Under Section 2615(a)(1), the FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Section 2615(a)(2) makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). The federal regulations interpret section 2615(a)(2) as providing a cause of action for employees who have been discriminated against in retaliation for taking FMLA leave. See 29 C.F.R. § 825.220(c); *Schaar v. Lehigh Valley Health Servs., Inc.,* 732 F. Supp. 2d 490, 494 (E.D. Pa. 2010). Accordingly, Plaintiff's claim for FMLA discrimination should be addressed under the framework for FMLA retaliation and the separate claim for FMLA discrimination should be stricken from the Amended Complaint. Further, the jury should be instructed only on cognizable claims - FMLA interference and retaliation- and without reference to discrimination.

### 3. Plaintiff's Refusal to Provide Updated Discovery

Following the close of the Court's discovery deadline, Plaintiff has continuously refused to provide Defendants with updated discovery related to Plaintiff. Specifically, Defendants have requested Plaintiff's updated employment status, wage information and medical records as this goes directly towards Plaintiff's obligation to mitigate her damages, damages calculations and Plaintiff's affirmative duty under the Federal Rules of Civil Procedure to update incomplete or inaccurate discovery.   Accordingly, Defendants object to the introduction of any evidence or testimony related to front pay or back damages beyond the close of discovery.

Respectfully submitted,

*/s/ Melissa K. Atkins*
Melissa K. Atkins (PA I.D. No. 310820)
Aimee E. Schnecker (PA I.D. No. 324189)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
*Attorneys for Defendants*

Dated: November 28, 2023

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIANGELA STIBI | CIVIL ACTION |
| Plaintiff, | Docket No. 2:21-cv-02766 |
| v. | |
| BUCKS COUNTY DEPARTMENT OF CORRECTIONS, et al. | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below the forgoing Pretrial Memorandum was filed electronically and made available for download and viewing.

Respectfully submitted,

*/s/ Melissa K. Atkins*
Melissa K. Atkins (PA I.D. No. 310820)
Aimee E. Schnecker (PA I.D. No. 324189)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
*Attorneys for Defendants*

Dated: November 28, 2023

4868-6105-6916 v1